UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-1158-2 |
| | § | (CIVIL ACTION NO. 2:16-CV-240) |
| JOSE ANGEL MARTINEZ | § | |

**ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Jose Angel Martinez filed a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 68. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2017) (2255 Rules). Martinez' motion is dismissed and he is also denied a certificate of appealability.

## I.  BACKGROUND

In 2010, Martinez stole two loaded rifles from a parked truck then fled from the police in his car. After a short pursuit, the police captured and arrested him. Martinez pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2). D.E. 44.

The Probation Department prepared a Presentence Investigation Report (PSR). Martinez' base offense level was 20 based upon § 2K2.1(a)(4)(A), which included an increase based upon Martinez' 2004 conviction for a crime of violence, evading arrest in a motor vehicle.

Martinez had a lengthy criminal history that included numerous misdemeanor convictions including multiple evading arrest and auto burglaries. Many did not score due to their age. Martinez' first conviction was in 2001 when he was 17. He had 27 criminal history points resulting in a criminal history category of VI. *Id*., ¶¶ 26-57. Martinez' guideline sentencing range

was 92-115 months imprisonment with a statutory maximum sentence of 120 months. *Id.*, ¶¶ 76-77. The Court sentenced him to 120 months imprisonment. Martinez did not appeal. He filed the present motion on June 15, 2016.

## II.  MOVANT'S CLAIMS

Martinez argues that based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015), evading arrest in a vehicle is no longer a crime of violence for the enhancement in § 2K2.1(a)(4)(A). As a result, he argues he should be resentenced using a base offense level of 14 which would result in a guideline sentencing range of 51 to 63 months.

## III.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.  *Johnson* Claim

Subsection § 2K2.1(a)(4)(A) provides a base offense level of 20 if: "(A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense . . . ." The application notes state that a "'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." In 2010, the definition of a crime of violence was

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Martinez' felony evading arrest was held to be a crime of violence under the residual clause in (a)(2). *See United States v. Harriman*, 568 F.3d 531, 536 (5th Cir. 2009).

The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. Subsection 4B1.2(a)(2)'s residual clause is identical to the one held to be void for vagueness in *Johnson*. However, in *Beckles v. United States*, 137 S.Ct. 886, 892 (2017),[1] the Court held that the sentencing guidelines are *not* subject to a challenge for vagueness.

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. As a result of the Court's decision in *Beckles*, Martinez' challenge is foreclosed.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

---

[1] Beckles was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He qualified as a career offender under the sentencing guidelines.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Martinez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, the Martinez' motion (D.E. 68) is DISMISSED pursuant to Rule 4(b) and he is also DENIED a Certificate of Appealability.

SIGNED and ORDERED this 8th day of March, 2018.

_____
Janis Graham Jack
Senior United States District Judge

4 / 4